## Wagner's Estate.

*Wills—Construction—Trusts—Gift for life with remainder to those whose "remaining" shares are "then" held in trust—Accruing shares include only those going to living legatees.*

Testator bequeathed an estate in trust, with power of appointment in the *cestuis que trust*, and a limitation over on the death of any of them, without leaving either appointment or issue, "in trust, as well as respects his or her original share, or any share which shall afterwards have accrued to him or her under the provision of this clause of my will, to hold or assign and transfer the same to the use of such persons and for such estates as the remaining shares shall then be holden by the said trustee." A, one of the *cestuis que trust*, died without issue or a valid appointment, and leaving only three of the original legatees surviving: *Held*, that the fund must be awarded back to the trustee for the use of those legatees who were living at the death of A, and whose "remaining shares" were then "holden by the said trustee," thus excluding from the distribution the appointees or issue of the original legatees who died before A.

Exceptions to adjudication. O. C. Phila. Co., April T., 1885, No. 430.

Testatrix bequeathed a fund in trust, in ten equal portions, for designated persons, for their lives respectively: "And after the decease of the said tenants for life respectively in trust to assign his or her share to such person or persons as he or she shall appoint by Will and in default of such appointment to such of their children as may then be living in equal parts and shares. But if he or she should die without any issue living at the time of his or her death, then in trust as well as respects his or her original share, or any share which shall afterwards have accrued to him or her under the provisions of this clause of my will, to hold or assign and transfer the same to the use of such persons and for such Estate as the remaining shares shall then be holden by the said Trustees."

"In case any of the above named persons shall die before me, without issue, in such manner as otherwise would create by law a lapse of his or her share, then my said Trust Estate shall be taken to be divided into a proportionate less number of shares, and all the foregoing trusts and limitations shall apply as fully and in all respects as if such less number of shares had originally been set forth herein."

The present accounting concerned one of the ten shares, the *cestui que trust* of which, A, died after making an appointment of her share, which was, however, ineffective. She left no issue. At the time the account was filed, six of the other original ten *cestuis que trust* had died, all of whom had either appointed their respective shares under their respective wills or left issue, and there remained living the *cestuis que trust* for three shares, one of whom died before the audit, appointing her share. The auditing judge held that the gift of the share in question "for the use of such persons and for such estates as the remaining shares shall then be holden by the said Trustees," could apply only to the three shares held by the trustee after the death of A, the *cestui que trust* of this share; and he accordingly awarded one-third of such share to the appointee of the legatee who died after A, and the remaining

1 D. & C.

two-thirds to the trustees to hold in trust for the living original *cestuis que trust*. Exceptions were filed by the appointee under the will of an original *cestui que trust*, who died before A, and who claimed that the fund should be divided among the nine original shares, including the children and appointees of all who died before A.

*Bronte Greenwood* and *Charles Hunsicker*, for exceptants.

*Charles Myers*, contra.

GEST, J., Dec. 2, 1921.—Notwithstanding the earnest argument presented in behalf of the exceptants, we are entirely satisfied with the adjudication of the auditing judge. There is, it may be conceded, no doubt that the word "remaining" would, *prima facie*, mean "other," and refer to the shares of those *cestuis que trust* who survived the testatrix, but the limitation over on the death of any of them, in default both of testamentary appointment and of issue, is "in trust as well as respects his or her original share, or any share which shall afterwards have accrued to him or her under the provisions of this clause of my will, to hold or assign and transfer the same to the use of such persons and for such estates *as the remaining shares shall then be holden by the said trustee*." We are of opinion that these last words are controlling, and that the fund was properly awarded to the trustee for those legatees who were living at the death of Florida Innes [A], and whose "remaining shares" were "then holden by the said trustee." No contrary construction can be based on the reference in the will to accrued shares. That clause may apply, and was doubtless intended to apply, in case of the death in the future of any of the survivors without appointment and without leaving issue, and cannot reasonably be construed as referable to a share that would not, according to the theory of the exceptant, "accrue" to a legatee until after his death. If that had been the intention of the testatrix, she would certainly have expressed it with particularity, but, in order to adopt the argument of the exceptants, we should be required to rewrite her will.

We do not consider it necessary to add anything further to the careful adjudication of the auditing judge, and accordingly the exceptions are dismissed and the adjudication is confirmed absolutely.